THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DALLIN BRAD HAWKINS,<br><br>                     Petitioner,<br><br>v.<br><br>THIRD DIST. COURT et al.,<br><br>                     Respondents. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 4:20-CV-90-DN<br><br>District Judge David Nuffer |

      Petitioner, Dallin Brad Hawkins, a Utah state inmate, filed a *pro se* habeas-corpus petition, (ECF No. 4). He designates it as filed under federal-court docketing nature-of-suit code, "510," which does not represent a cause of action. Further, code 510 is not for state prisoners. Reviewing the petition, the Court concludes Petitioner perhaps instead meant to file it under 28 U.S.C.S. § 2254 (2021) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner must cure that and other deficiencies before proceeding further.

**DEFICIENCIES IN PETITION**

Petition:

(a)    is not on Court-required form.

(b)    lists respondents other than Petitioner's custodian.

(c)    impermissibly asserts civil-rights claims (e.g., for money damages and conditions of confinement) which are appropriately brought in separate § 1983 complaint/case.

(d)  has possibly been supplemented by other potential claims in other documents filed in this case by Petitioner. (ECF Nos. 7, 8, 10, 12, 16, & 17.)

(e)  is inappropriate vehicle to address child custody.

(f)  needs to state timeline regarding criminal appeals process and whether it has been concluded in Utah Supreme Court.

(g)  does not appear to observe federal habeas-corpus standard of review, stating:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2021).

(h)  has claims possibly based on illegality of Petitioner's current confinement; however, petition apparently not submitted using legal help Petitioner entitled to by Petitioner's institution under Constitution--e.g., by contract attorneys. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "'*adequate* law libraries or *adequate* assistance from persons trained in the law' . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims

against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from Rule 8's minimal pleading requirements. After all, "a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Indeed, the Court's proper function is not to take "the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should observe the following points before filing an amended petition:

• Revised petition must stand entirely on its own and not refer to, or incorporate by reference, any part of the original petition or any other prior documents filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

• Petitioner must name current custodian (warden or ultimate supervisor of imprisonment facility) as respondent. *See* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

• Federal rule requires the petition to "(1) specify all the grounds for relief available . . .; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner." R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

• Petitioner may generally not bring civil-rights claims (e.g., regarding conditions of confinement) in a habeas-corpus petition.

• Claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2021); claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

• Petitioner should get help to prepare initial pleadings from legal resources at Petitioner's facility.

## MOTION FOR APPOINTED COUNSEL

The Court now addresses Petitioner's motion asking the Court to request an attorney to represent him free of charge.

There is no constitutional right to counsel in habeas proceedings. *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Moreover, because no evidentiary hearing is required here, Petitioner has no statutory right to counsel. *See* Rule 8(c), R. Governing § 2254 Cases in U.S. Dist. Courts. However, the Court may in its discretion, *Swazo v. Wyo. Dep't of Corr.*, 23 F.3d 332, 333 (10th Cir. 1994), appoint counsel when "the interests of justice so require" for a "financially eligible person" bringing a habeas petition. 18 U.S.C.S. § 3006A(a)(2)(B) (2021).

In deciding, the Court considers the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, Petitioner has the burden "to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court's initial review of the proceedings persuades it that appointment of counsel is not yet warranted for these proceedings. First, it is unclear at this early stage of litigation whether Petitioner's claims are meritorious. Second, the nature of factual issues and complexity of legal issues raised here are not so novel or complex as to warrant appointment of counsel. Finally, Petitioner has not shown that he is not able to represent his claims himself.

## O R D E R

**IT IS HEREBY ORDERED** that:

**(1)** Petitioner shall have **thirty days** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(2)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form habeas petition and form civil-rights complaint, for Petitioner to complete, according to directions, if he wishes to do so. If a civil-rights complaint is submitted, it should be separate in a new case.

**(3)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

**(4)** Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the

clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.").

**(5)** Extensions of time are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

**(6)** No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**(7)** Petitioner's motion for appointed counsel is **DENIED**. (ECF No. 5.) However, if it later appears that counsel may be needed or of specific help, the Court may appoint an attorney to appear on Petitioner's behalf. No further prompting by Petitioner is needed.

**(8)** Petitioner's motion for service of process is **DENIED**. (ECF No. 6.) Such a motion is not necessary in federal habeas-corpus cases. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(9)** Petitioner's motions for joinder and to waive copy fees are **DENIED**. (ECF Nos. 9, 11.)

**(10)** Petitioner's Motion to Attach Exhibits into Evidence is **DENIED**. (ECF No. 13.) The federal habeas court reviews the state-court record.

**(11)** Petitioner's motion for time extension to file amended petition is **DENIED** as moot. (ECF No. 15.)

**(12)** Petitioner's Motion to Vacate Illegal Sentence is **DENIED**. (ECF No. 17.) This document appears to be an attempt to amend his petition, but Petitioner should instead amend his petition according to the guidance in this Order.

      Dated June 7, 2021.

                                            BY THE COURT:

                                            _____
                                            David Nuffer
                                            United States District Judge