THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DALLIN BRAD HAWKINS,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION &<br>ORDER GRANTING MOTION<br>TO DISMISS & REQUIRING<br>FILING OF SECOND AMENDED<br>HABEAS-CORPUS PETITION**<br><br>Case No. 4:20-CV-90-DN<br><br>District Judge David Nuffer |

Petitioner filed this action on September 15, 2020. (Pet., ECF No. 4.) In a petition brought under 28 U.S.C.S. § 2254 (2022), Petitioner challenges four separate Utah state criminal cases, in which he pleaded guilty or no contest. (Am. Pet., ECF No. 26.) Sentencing for these four cases took place in the same hearing, on January 30, 2020. (Sentencing Hr'g Tr., ECF No. 32-13.)

Two of the cases each involved a class-A misdemeanor conviction. (ECF Nos. 32-7 (Case No. 181908460); 32-8 (Case No. 191904044).) The sentences in these two cases were exactly the same: "[T]he defendant is sentenced to a term of 346 day(s)[.] Credit is granted for 346 days(s) previously served." (ECF Nos. 32-7; 32-8.) On sentencing day, in each case, the court entered an order, stating, "TO THE SHERIFF OF SALT LAKE COUNTY: You are hereby ordered to release the defendant from custody on this case." (ECF Nos. 32-9; 32-10.)

## A. MOTION TO DISMISS

Based on Petitioner's release from custody, Respondent moves for dismissal of Petitioner's claims regarding these two class-A misdemeanor convictions. (ECF No. 32.) After

all, the federal habeas statute upon which the petition is based states, "[A] district court shall

entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to

the judgment of a State court only on the ground that he is *in custody* in violation of the

Constitution or laws . . . of the United States." 28 U.S.C.S. § 2254(a) (2022) (emphasis added).

It is Petitioner who "must show that he is 'in custody' under the conviction or sentence

being challenged in order to proceed." *Clark v. Oklahoma*, 789 F. App'x 680, 682-83 (10th Cir.

2019) (unpublished) (citing *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001)); *see

also Wright v. Colorado*, 689 F. App'x 596, 597 (10th Cir. 2017) (unpublished) ("[H]abeas

petitioners must allege facts that show they meet this in-custody requirement."); *United States v.

Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a

federal court must demonstrate that the case is within the court's jurisdiction."). And, "[i]f a

petitioner was not 'in custody' at the time the petition was filed, the district court must dismiss

the petition for lack of jurisdiction." *Clark*, 789 F. App'x at 683 (citing *Erlandson v. Northglenn

Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008)); *see also Dickey v. Allbaugh*, 664 F. App'x 690,

692 (10th Cir. 2016) (unpublished) ("Custody status is determined as of the time the habeas

petition is filed." (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998))). "Generally, a habeas

petitioner is not '"in custody" under a conviction when the sentence imposed for that conviction

has fully expired at the time his petition [wa]s filed.'" *Clark*, 789 F. App'x at 683 (alteration in

original) (quoting *Maleng v. Cook*, 490 U.S. 488, 491 (1989)).

Petitioner's 346-day sentence in each of these two misdemeanor cases fully expired on

January 30, 2020, the moment the state court ordered the Salt Lake County sheriff "to release the

defendant from custody on this case." (ECF Nos. 32-9; 32-10.) This petition was filed on

September 15, 2020. (ECF No. 1.)  So Petitioner was not "in custody" on the date he filed this petition.

Responding to Respondent's contention that Petitioner was not "in custody" when filing this action, Petitioner has shown neither that (1) he was in "actual, physical custody" under these two misdemeanor cases, or (2) these two "state-court criminal conviction[s] ha[ve] subjected the petitioner to 'severe restraints on [his] individual liberty.'" *Dickey*, 664 F. App'x at 692-93 (quoting *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973)). Petitioner has therefore not met his burden to establish the Court's jurisdiction over this action. Indeed, he essentially concedes that the Court lacks jurisdiction because he was not "in custody" when filing this § 2254 petition. (ECF No. 48, at 1-2.)

Because he may not proceed under § 2254 with the misdemeanor cases regarding which he was not "in custody" when his petition was filed, Petitioner asks instead to proceed with them under 28 U.S.C.S. § 1651 (2023), with a petition for writ of *coram nobi*s. (ECF No. 48, at 18.) However, though

> the All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," 28 U.S.C. § 1651(a), [federal courts] have long looked to the common law to determine which writs are "agreeable to the usages and principles of law." *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013) (internal quotation marks omitted). "[T]he common law scope of *coram nobis* was a writ from the judgment-issuing court to itself, granting itself power to reopen that judgment. It is not a writ that one court may issue to another." *Id*. Thus, because the State Convictions were not issued by any federal court, no federal court has jurisdiction to reexamine them through a writ of *coram nobis*.

*Gomez v. Macgrew*, 593 F. App'x 775, 778 (10th Cir. 2014) (unpublished). Thus, this vehicle for continuing to pursue the claims regarding which Petitioner was not "in custody" does not provide a jurisdictional basis upon which this Court may review these claims.

Consequently, Respondent's Motion to Dismiss all claims regarding the two cases in which Petitioner was not "in custody" when he filed this action is granted.

## B. CURING DEFICIENT AMENDED PETITION

Having dismissed all claims regarding the two cases in which Petitioner was not "in custody," the Court recognizes the confusing nature of the Amended Petition, (ECF No. 26), and the problems with untangling the dismissed claims from the remaining claims--those associated with the two state criminal cases (Nos. 181911933 and 191909158), in which Petitioner was "in custody" when he filed this action. Thus, the Court requires Petitioner to file an adequate Second Amended Petition before proceeding further with his claims.

### 1. Deficiencies in the Amended Petition

The Amended Petition:

(a) contains details and information about now-dismissed claims that are confusingly interwoven with remaining claims.

(b) impermissibly requests "criminal, civil, and disciplinary sanctions" on officers, prosecutors, and judges involved in his state criminal cases.

(c) improperly inserts copies of other documents--i.e., pleadings and orders from his state criminal cases.

(d) entwines facts and claims regarding separate criminal cases.

(e) does not appear to observe the controlling, crucial federal habeas-corpus standard of review, stating:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C.S. § 2254(d) (2022).

## 2. Instructions to Petitioner

Under Rule 8 of the Federal Rules of Civil Procedure an initial pleading must contain

"(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . .

(2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of

Rule 8(a) are intended to guarantee "that [respondents] enjoy fair notice of what the claims

against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN,

Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from Rule 8's minimal pleading requirements. After all,

"a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged

injury, and he must provide such facts if the court is to determine whether he makes out a claim

on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Indeed,

the Court's proper function is not to take "the role of advocate for a pro se litigant." *Id.* at 1110.

Thus, the Court cannot "supply additional facts, [or] construct a legal theory for [petitioner] that

assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Petitioner should observe the following points when drafting the amended petition:

(a) The revised petition must stand entirely on its own and not refer to, or incorporate by

reference, any part of the original petition or any other prior documents filed by Petitioner. *See

Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (amendment supersedes original)

(b) The federal rule requires the petition to "(1) specify all the grounds for relief available . . .; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner." R.2(c), Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

(c) Petitioner may generally not bring civil-rights claims (e.g., regarding conditions of confinement) in a habeas-corpus petition.

(d) Claims about Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C.S. § 2254 (2022); claims about the execution of Petitioner's sentence should be brought under *id.* § 2241.

(e) Petitioner must keep *completely separate* facts and claims regarding separate state criminal cases.

## C. ORDER

**(1)** Based on lack of jurisdiction, Respondent's Motion to Dismiss all Petitioner's claims as to Utah state district court case numbers 181908460 and 191904044 is **GRANTED**. (ECF No. 32.) These claims are dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction . . . the dismissal must be without prejudice.").

**(2)** Petitioner's request to proceed under 28 U.S.C.S. § 1651 (2023), with a petition for writ of *coram nobi*s is **DENIED**. (ECF No. 48, at 18.)

**(3)** Petitioner shall have **thirty days** to cure the deficiencies noted above. In response to this Order, the Court will accept one document entitled, "Second Amended Petition." The Second Amended Petition shall include all issues, arguments, and citations in one document,

with no reference to or insertion of any other document. The Second Amended Petition is the only document the Court will review to determine whether to order Respondent to answer. R.4, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. (stating court--on its own--shall examine petition for petitioner's entitlement to relief and dismiss petition or order answer as warranted).

**(4)** The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form habeas petition and form civil-rights complaint, for Petitioner to complete, according to directions, if he wishes to do so. If a civil-rights complaint is submitted, it should be separately filed in a new case.

**(5)** If Petitioner fails to timely cure the above-noted deficiencies, as instructed here, this action will be dismissed without further notice.

DATED this 23rd day of March, 2023.

BY THE COURT:

DAVID NUFFER
United States District Judge