THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| DALLIN BRAD HAWKINS,<br><br>                     Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>                     Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 4:20-CV-90 DN<br><br>District Judge David Nuffer |

      Petitioner, Dallin Brad Hawkins, appearing pro se, requests federal habeas relief from state convictions in four cases. Petition (ECF No. 52); *see also* 28 U.S.C.S. §2254(a) (2024). Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), federal district courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id*. Respondent argues that the Petition must be denied because Petitioner failed to properly exhaust his state remedies. Motion to Dismiss (ECF No. 62.)

      Having considered the voluminous record, the court concludes that Petitioner's claims are procedurally defaulted because he has failed to afford the state's highest court an opportunity to address his claims, and no opportunities no remain for him to do so. Furthermore, Petitioner fails to establish that his procedural default should be excused. For this reason, Defendant's motion to dismiss is GRANTED.

# I. BACKGROUND

On November 15, 2019, Petitioner, represented by counsel, entered guilty pleas to resolve charges in four criminal cases. Case number 181908460 derived from a heated argument between Petitioner and his live-in girlfriend (Girlfriend) while they were driving with two young children in the car. Pre-sentence Report (ECF No. 4-1, at 3-4.) During the argument, Petitioner's erratic driving caused Girlfriend to call 9-1-1. *Id*. Although Girlfriend did not speak to the dispatcher, Petitioner was overheard loudly threatening to shoot Girlfriend's ex-husband and threatening to kill everyone in the car by intentionally crashing the vehicle. *Id*. Petitioner pleaded guilty to reckless endangerment, a class A misdemeanor. Minutes (ECF No. 62-1, at 1.) Related domestic violence charges were dismissed. *Id*.

Case number 181911933 was filed after Petitioner crashed his vehicle into a parked car. (ECF No. 4-1, at 5.) After the collision, Petitioner's blood tested positive for "ethanol, THC, Carboxy-THC, Diazepam (Valium), Nordiazepam (Nordaz), Oxazepam (Serax), and Temazepam (Restoril)." *Id*. Petitioner pleaded guilty to a third-degree felony charge of DUI. Minutes (ECF No. 62-2, at 1.) Additional charges including driving on a suspended license and failure to have a required interlock system were dismissed. *Id*.

Case number 191904044 derived from a failed business transaction. (ECF No. 4-1, at 5-6.) Petitioner, using a false name, had agreed to arrange financing for a client. *Id*. at 6. The client wired Petitioner over $13,000 as "first and last months' payment." Id. The client became suspicious when after three weeks without contact from Petitioner he received a telephone call. *Id*. When the client answered, Petitioner addressed him by the wrong name and told him "I sent out the 30 kilos. You should be getting them on Monday." *Id*. When Petitioner realized he had

reached the wrong person, he told the client that the financing agreement would be funded within a few days. *Id*. When the client didn't receive the money, he contacted the police and reported Petitioner for fraud. *Id*. Petitioner claimed that the financing arrangement had been delayed because Girlfriend had hacked into his accounts. *Id*. Petitioner retained the client's pre-payment, citing a liquidated damages provision in the contract even though the financing arrangement was never consummated. *Id*. Petitioner pleaded no contest to a misdemeanor charge of wrongful appropriation. Minutes (ECF No. 62-3, at 1.)

And, case number 191909158 derived from letters Petitioner sent from the Salt Lake County Jail to Girlfriend, who had active protective orders in place against him. Petitioner threatened to bring civil and criminal actions against her if she testified against him. (ECF No. 4-1, at 7.) Petitioner also warned her to keep his letters confidential. *Id*. Petitioner pleaded guilty to one third-degree felony count of retaliation against a witness, and one-third degree felony count of tampering with a witness. Minutes (ECF No. 62-4, at 1.) Additional charges including violation of protective orders were dismissed. *Id*.

Defendant was sentenced on January 30, 2020. Defendant was sentenced to two concurrent terms of 0-5 years for the witness tampering charges, to run concurrent to a 0-5 year sentence for the DUI. Minutes (ECF 62-5, at 2.) The next day, Petitioner filed a pro se motion to reconsider sentence. (ECF No. 52-6.) The motion attempted to rebut claims made by the prosecutor at sentencing. *Id*. at 1 ("Defendant makes the following statements to bring to light and defend against Plaintiff's remarks made at sentencing.") The motion sought only the following relief: "Wherefore, the defendant prays that this court A [sic] Reduce Sentencing to both 0-5 cases to run concurrent & not consecutive." *Id*. at 6. The motion made no argument that

his pleas should be withdrawn nor that convictions should be overturned. Petitioner's period to appeal his convictions expired on or around March 2, 2020. *See* Utah R. App. P. 4(a).

On July, 4, 2020, Petitioner filed a motion to reinstate the period to file a direct appeal in all four cases. (ECF No. 62-15.) The motion read, in its entirety

> [Petitioner], Defendant pro se, pursuant to URAppP 4(f), hereby submits his Motion to Reinstate Period For Filing a Direct Appeal.
>
> In support of this motion [Petitioner] states:
>
> Any & all attempts [Petitioner] has made to contact his counsel have failed for the purpose of filing a direct appeal. [Petitioner] has just now learned that his appellate rights can be reinstated upon motion. Having shown just cause, [Petitioner] asks this court to grant this motion so that he can file a timely notice of appeal.

*Id*.

Five days later, Petitioner initiated a three-pronged collateral attack on his convictions. On or around July 9, 2020, Petitioner filed a petition for post-conviction relief under the Utah Post Conviction Remedies Act (PCRA). *Hawkins v. State,* No. 200904320, docket no. 1 (Utah Dist. Ct. filed July 9, 2020.) On July 27, 2020, the district court denied Petitioner's request for counsel and issued a stay of proceedings pending the outcome of motions in his four underlying criminal proceedings. *Id*. at docket no. 8.

On or around August 17, 2020, Petitioner filed a federal petition for post-conviction relief under the AEDPA in this proceeding. (ECF No. 4, at 4.)

Then, on or around September 24, 2020, Petitioner filed a Petition for Extraordinary Relief under Utah Rule of Civil Procedure 65B. *Hawkins v. Board of Pardons,* No. 210600030, docket no. 2 (Utah Dist. Ct. filed October 5, 2020.) That case was also stayed pending Petitioner's motions in the underlying criminal proceedings. *Id*. docket no. 10.

In the proceeding for Petitioner's motion to reinstate the time to appeal, the district court held three evidentiary hearings between October 20, 2020 and January 13, 2021. Transcripts (ECF Nos. 62-16; 62-17; 62-18). Petitioner, represented by counsel, testified that he had asked his trial attorney to file an appeal directly after he was sentenced. (ECF No. 62-16, at 10.) He testified that she told him that he could not file an appeal just because he did not like the sentence, and if he did, that he would likely lose, and it would add time to his sentence. *Id*. Petitioner also testified that he called his attorneys office from jail

> countless times … trying to get transcripts, trying to get discovery, trying to get information. Yeah, for about four months I tried to get information until I was basically told, no, that she's not going to provide me transcripts.

*Id*. Petitioner testified that he made repeated requests to his attorney to file an appeal on his behalf within 30 days after sentencing. *Id*. at 10-12.

Petitioner's former attorney testified that it was her standard practice to review information about appeals with clients at the time they entered a plea and that she had no recollection that Petitioner harbored any misunderstanding when he entered his plea. *Id*. at 28-31. She further testified that she had no recollection that Petitioner requested an appeal of his plea. *Id*. at 34. She testified that filing an appeal is a relatively simple procedure and she would never want to deny a client the opportunity to appeal if they asked her to file one on their behalf. *Id*. at 38.

The attorney's assistant testified that although she had spoken with Petitioner several times, she did not recall that he had ever requested to file an appeal. (ECF No. 62-17, at 17.) She also testified that although she had mailed trial transcripts to Petitioner, she did not know for

what purpose. *Id*. Finally, she testified that if Petitioner had requested an appeal, she believed that she would remember. *Id*. at 18.

The district court denied Petitioner's motion to reinstate his time for appeal. (ECF No. 62-18, at 12.) The court concluded that "[Petitioner] was properly advised of the right to appeal and [Petitioner] did not ask counsel to file a notice of appeal within the request time period." *Id*.

Petitioner, represented by counsel, appealed the denial of the motion to reinstate. Appellant's Memorandum on Appeal (ECF No. 62-19.) On February 18, 2022, the Court of Appeals affirmed the denial, finding that the trial court had made a factual determination that Petitioner had not asked his attorney to file an appeal. Order (ECF No. 62-20, at 2.) Further, Petitioner had failed to make the requisite showing that the factual determination was clearly erroneous. *Id*. at 3. The Court of Appeals applied the preponderance of the evidence standard. *Id*. at 1. Petitioner neglected to petition for certiorari of the denial.

Meanwhile, in the two state post-conviction relief cases, Petitioner filed pro se "Motion[s] to Recuse Due to Sexual Misconduct & Conspiracy." In each case Petitioner alleged that:

> due to the fact that the state prosecutors … were engaged in an inappropriate sexual relationship with the alleged victim [Petitioner's Girlfriend] & her partner & fellow escort … in exchange for unlawful prosecution and perjured testimony to unlawfully get [Petitioner] sentenced to prison so that her & her associates could not only get away with their crimes against [Petitioner] but to successfully kidnap[Petitioner's] children by unlawfully removing them from the country & Judge Linda Jones chose to allow this to happen in her courtroom by knowingly, voluntarily and intentionally looking in the other direction.

*Hawkins v. Board of Pardons,* No. 210600030, docket no. 12 (Utah Dist. Ct. filed January 11, 2021); *Hawkins v. State,* No. 200904320, docket no. 14 (Utah Dist. Ct. filed May 15, 2021.)

Page 6 of 15

Petitioner offered no credible evidence supporting the claim. Concurrently, Petitioner filed motions to lift the stay in each proceeding claiming that "the inordinate delay by the state court is deliberate and made with the intent in an attempt [sic] to cover up this manifest injustice." *Hawkins v. Board of Pardons,* No. 210600030, docket no. 13; *Hawkins v. State,* No. 200904320, docket no. 15.

On May 19, 2021, the motion to recuse was denied in the Extraordinary Relief case because it was deemed untimely. *Hawkins v. Board of Pardons,* No. 210600030, docket no. 18. On May 26, 2021, the motion to recuse was denied in the PCRA proceeding for the same reason. *Hawkins v. State,* No. 200904320, docket no. 16.

On June 8, 2021, the district court granted the motion to lift the stay in the PCRA proceeding, ordered the payment of an $82.50 filing fee by September 7, and reimposed the stay pending payment of the fee. *Id.* docket no. 18.

Also on June 8, 2021, this court ordered Petitioner to cure deficiencies in his AEDPA petition. (ECF No. 24.) Petitioner filed his First Amended Petition on July 16, 2021.

The PCRA case was dismissed without prejudice on October 15, 2021, for non-payment of the filing fee. Docket. (ECF No. 62-21, at 2). The Extraordinary Relief case was dismissed without prejudice on November 10, 2021, also for non-payment of the filing fee. Docket. (ECF No. 62-22, at 2).

Petitioner neglected to refile either case. Nor did Petitioner ever present any of his claims to the Utah Supreme Court.

On March 24, 2023, this court dismissed Petitioner's claims related to Utah state cases 181908460 (reckless endangerment) and 191904044 (wrongful appropriation) without prejudice

and ordered Petitioner to file a second amended complaint to cure additional procedural deficiencies in his First Amended Complaint. (ECF No. 51).

On April 24, 2023, Petitioner filed his Second Amended Petition (the Petition). (ECF No. 52.)

On August 11, 2023, Respondents moved to dismiss the Petition arguing that Petitioner had procedurally defaulted all of his claims. (ECF No. 62.)

On October 27, 2023, Petitioner filed a response to the motion to dismiss arguing that his procedural default should be excused because of ineffective assistance of counsel, exceptional circumstances and because dismissal would result in a fundamental miscarriage of justice. (ECF No. 68, at 3.)

## II. PETITIONER'S ASSERTED GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner's Second Amended Petition asserts five grounds for relief:

1) Ineffective assistance of counsel rendered his pleas involuntary (ECF No. 52, at 6-11);
2) Actual innocence (*id*. at 11-13);
3) Petitioner was denied due process of law because of judicial misconduct (*id.* at 13-14);
4) Petitioner was denied due process because of prosecutorial misconduct (*id.* at 14-17); and,
5) Structural errors rendered Petitioner's convictions unconstitutional. (*id.* at 17-18.)

Additionally, Petitioner argues that the Utah State Court of Appeals decision denying Petitioner reinstatement of the period to assert a direct appeal was unreasonable because it failed to consider key aspects of the record (ECF No. 52, at 4).

### III. PROCEDURAL DEFAULT

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." *Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). "The exhaustion requirement is designed to avoid the 'unseemly' result of a federal court 'upset[ting] a state court conviction without' first according the state courts an 'opportunity to . . . correct a constitutional violation.'" *Davila v. Davis*, 582 U.S. 521, 527 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

Utah's Post-Conviction Remedies Act ("PCRA") states in relevant part:

> A person is not eligible for relief under this chapter upon any ground that:
> (a) may still be raised on direct appeal or by a post-trial motion;
> (b) was raised or addressed at trial or on appeal;
> (c) could have been but was not raised at trial or on appeal;
> (d) was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief; or
> (e) is barred by the limitation period established in Section 78B-9-107.

Utah Code Ann. § 78B-9-106(1). A PCRA petition, like an AEDPA petition, must be filed within one year after the date the cause of action has accrued. U.C.A. § 78B-9-107(1). For the purposes of the claims raised in the Petition, Petitioner's causes of action accrued on March 2, 2020, the last day for Petitioner to withdraw his pleas and file a direct appeal of his convictions. *See* U.C.A. §78B-9-107(2)(a).

Absent "exceptional circumstances," the Utah Supreme Court will decline to consider an issue which has not been "presented to the district court in such a way that the court has an opportunity to rule on [it]." *Patterson v. Patterson*, 2011 UT 68, ¶ 12. However, the Supreme Court of Utah has recognized "three distinct exceptions to the preservation rule: ineffective assistance of counsel, plain error and exceptional circumstances." *State v. Beverly*, 2018 UT 60, ¶ 22 (citation omitted).

Establishing ineffective assistance of counsel requires a litigant "to meet 'the heavy burden of showing that (1) trial counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment, and (2) counsel's deficient performance prejudiced him.'" *Id.* at ¶ 28 (citation omitted).

Demonstrating plain error requires a litigant to "establish that '(i) [a]n error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful. . . .'" *Id*. at ¶ 37 (quoting *State v. Johnson*, 2017 UT 76, ¶ 20, 416 P.3d 443). The Supreme Court of Utah has held that "the prejudice test is the same whether under the claim of ineffective assistance or plain error." *State v. McNeil*, 2016 UT 3, ¶ 29.

Finally, "[t]he exceptional circumstances exception 'is a doctrine that applies to rare procedural anomalies.'" *Beverly*, at ¶ 42, (quoting *Adoption of K.A.S.*, 2016 UT 55, ¶ 19, 390 P.3d 278). The exceptional circumstances carve out should not "be viewed as a free-floating justification for ignoring the legitimate concerns embodied in the preservation and waiver rules." *Johnson*, at ¶ 38. "Once a party has shown that a rare procedural anomaly has occurred, the court must then consider the effects of the anomaly, and whether those effects warrant an exception to our preservation requirement. *Johnson*, at ¶ 37. The Supreme Court of Utah applies this

exception "sparingly, reserving it for the most unusual circumstances where … failure to consider an issue that was not properly preserved for appeal would [result] in manifest injustice." *Id*. (citation omitted).

All of Petitioner's claims are procedurally defaulted. Petitioner has failed to present any claims to the Utah Supreme Court and would now be time barred from doing so. *See* Utah Code Ann. § 78B-9-106(1).

## IV. EXCEPTION TO PROCEDURAL DEFAULT

Federal courts may excuse procedural default if a petitioner can demonstrate either cause and prejudice or a fundamental miscarriage of justice. *Thomas*, 218 F.3d at 1221 ("This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'") (quoting *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (alteration in original)).

### A. Cause and Prejudice

A petitioner may be able to overcome procedural default if he can establish "cause" to excuse the procedural default and demonstrate that he suffered "actual prejudice" from the alleged error. *Davila v. Davis*, 582 U.S. 521, 524 (2017). "[T]o satisfy the 'cause' standard, a petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Where the alleged cause and prejudice is ineffective assistance of counsel, the petitioner must satisfy both prongs of *Strickland*'s familiar two-pronged standard: (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing

professional norms;" and, (2) prejudice to the defense caused by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "In the plea context, the cornerstone of ineffectiveness is whether the plea was involuntary because plea counsel's advice was below 'the range of competence demanded of attorneys in criminal cases.'" *United States v. Spaeth*, 69 F.4th 1190, 1211 (10th Cir. 2023). The Supreme Court has made clear that attorney performance is strongly presumed to have been adequate. *Strickland,* 466 U.S. at 690. Meanwhile, to demonstrate prejudice, "[t]he habeas petitioner must show not merely that … errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original) (alteration in original) (quoting *United States v. Frady*, 456 U.S. 152 (1982)). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694. When a defendant "enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). And, before a petitioner can assert a claim of ineffective assistance of counsel to overcome the procedural bar, he must have exhausted the ineffective assistance in the state courts. *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Finally, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

Petitioner fails to establish cause and prejudice to excuse his procedural default. Petitioner asserts that his procedural default should be excused because of 1) Ineffective assistance of counsel; 2) Exceptional circumstances; and 3) fundamental miscarriage of justice.

Petitioner must exhaust a claim of ineffective assistance of counsel in state court to excuse procedural default. *See Murray v. Carrier*, 477 U.S. at 489. Petitioner has not exhausted any claims because he has not presented any claims to the Utah Supreme Court. Therefore, Petitioner's ineffective assistance of counsel claim is unexhausted and Petitioner cannot invoke the claim to excuse his procedural default of his remaining causes of action.

Petitioner also asserts a conclusory argument that his procedural defaults should be excused because of exceptional circumstances. Petitioner argues that his situation is exceptional because he "was not adequately informed about the consequences of his decisions, and this resulted in him missing the deadline for a direct appeal." (ECF No. 68, at 3) Petitioner supplies no further details about the advice he received, nor how it was deficient. Petitioner cites *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) for the proposition that the exhaustion requirement may be satisfied when a petitioner demonstrates that exhaustion of claim would have been futile. *Selsor* involved a situation where the 10th Circuit deemed the exhaustion requirement satisfied where the petitioner established that the state courts had consistently ruled against that claim. *Selsor v. Workman*, 644 F.3d 984, 1026. Petitioner does not attempt to show that Utah courts consistently reject claims like his. Therefore, Petitioner fails to establish that his procedural default should be excused because of exceptional circumstances. *See Northington v. Jackson*, 973 F.2d at 1521 (vague and conclusory claims should be dismissed.)

Finally, Petitioner seeks relief from procedural default under the rubric of a fundamental miscarriage of justice. (ECF No. 68, at 3-4.) Petitioner includes a reference to actual innocence. A fundamental miscarriage of justice may be proven by actual innocence where a petitioner can show that "in light of new evidence, no juror, acting reasonably, would have voted to find him

guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). To be plausible, an actual-innocence claim must be grounded on solid evidence not adduced at trial. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup,* at 324). The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. Because such evidence is so rare, "in virtually every case, the allegation of actual innocence has been summarily rejected. " *Id.* (citation omitted). In the context of a plea agreement, the petitioner must establish his actual innocence for the charges to which he pleaded, as well as any more serious charges the state dismissed in exchange for the plea. *Bousley v. U.S*., 523 U.S. 614, 624 (1998).

      Petitioner fails to identify any new and credible evidence. Nor does Petitioner specify the charges (of his many charges) on which he claims to be found actually innocent. Therefore, Petitioner's conclusory claims of actual innocence and a fundamental miscarriage of justice are deficient and must be dismissed. *See Northington v. Jackson*, 973 F.2d at 1521 (vague and conclusory claims should be dismissed.)

## III. CONCLUSION

Petitioner's claims are procedurally defaulted because he has failed to exhaust any of his claims in state courts, and no opportunities to exhaust Petitioners claim remain open for him to do so. Further, Petitioner has failed to establish his eligibility for an exception to procedural default.

**IT IS THERFORE ORDERED** that:

(1) Respondent's Motion to Dismiss (ECF No. 62) is **GRANTED.**

(2) The action **DISMISSED WITHOUT PREJUDICE**.

(3) A certificate of appealability is **DENIED**.

DATED this 29th day of March, 2024.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court