THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DALLIN BRAD HAWKINS,<br>Petitioner,<br>v.<br>STATE OF UTAH,<br>Respondent. | **MEMORANDUM DECISION & ORDER DENYING POST-JUDGMENT MOTIONS**<br>Case No. 4:20-CV-90 DN<br>District Judge David Nuffer |

On April 2, 2024, the court denied Petitioner's application for federal habeas relief under 28 U.S.C.S. §§ 2241, 2254 (2026). ECF No. 72. The court determined that Petitioner was ineligible for federal relief because he had failed to exhaust his state remedies and failed to establish that he was entitled to an exception to the procedural default. On February 19, 2026, the Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. ECF No. 78.

Petitioner now moves to set aside the dismissal under Federal Rules of Civil Procedure 60(b) and (d)(3). ECF Nos. 76, 79. Petitioner asserts that he is legally innocent of the crimes for which he is currently incarcerated and that the order dismissing his petition was obtained by fraud. ECF No. 76, at 1. Petitioner also moves to disqualify Judge Nuffer. ECF No. 80. Finally, Petitioner moves the court to waive copy fees. ECF No. 77.

For the reasons below, all of Petitioner's outstanding motions are denied.

**MOTIONS FOR RELIEF FROM JUDGMENT**

On April 2, 2024, this court granted the motion to dismiss because Petitioner had procedurally defaulted his claims. Memorandum Decision and Order Dismissing Habeas Petition, ECF No. 72, at 11; *see also Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)) (when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."). This court further concluded that Petitioner's procedural default could not be excused because Petitioner had not shown cause and prejudice for the default, nor that dismissal would result in a fundamental miscarriage of justice. ECF No. 72, at 14.

Petitioner waited seventeen months before filing the instant motion to set aside judgment. ECF No. 76. On September 4, 2025, Petitioner filed a motion to set aside judgment asserts his claim for relief under three headings: "Fraud on the Court," (ECF No. 76, at 1), "Legal Innocence—Fundamental Miscarriage of Justice," (*Id*. at 9) and "Outrageous Government Conduct—Extortion, Fraud, Theft, Obstruction of Justice, Political Imprisonment-Utah's Criminal Enterprise Acting under Subterfuge of Law and Criminal Justice" (*Id*. at 14.)

On October 14, 2025, Petitioner applied to the Tenth Circuit for a certificate of appeal and "Extraordinary Writ" granting him relief from judgment. *See* ECF No. 78, at 1. The Tenth Circuit denied Petitioner's application on February 19, 2026. *Id*. The Tenth Circuit determined the Petitioner's request for a certificate of appeal was untimely. ECF No. 78, at 2, (citing *Smith v. Barry*, 502 U.S. 244, 248 (1992) (noncompliance with time restrictions to file a notice of appeal

is fatal to an appeal)). The Tenth Circuit rejected his request for an "extraordinary writ" because "he had an alternative remedy available to him (appeal) that he did not pursue, and mandamus cannot be used as a substitute for appeal. ECF No. 78, at 2 (citing *Will v. United States*, 389 U.S. 90, 97 (1967)).

On March 23, 2026, Petitioner filed a Second Motion to Set Aside Judgment in this court. ECF No. 79.

Finally, on May 15, 2026, Petitioner filed a motion to disqualify Judge Nuffer "due to a conflict of interest, lack of impartiality, and fraud on the court." ECF No. 80, at 1.

**Legal Standards**

In relevant part, Federal Rule of Civil Procedure 60(b) reads:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud…, misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

A motion under Rule 60(b) is not a substitute for appeal, and absent extraordinary circumstances, a motion under Rule 60(b) should not be used to extend the time for appeal. *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000). "[N]ew arguments or supporting facts which were otherwise available for presentation" in earlier briefing is

inappropriate for a Rule 60(b) motion. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion is a "'true' 60(b) motion" if it either

> (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)).

The Tenth Circuit has recognized that a claim that a judgment rests on a mistake of law may, in some instances, be cognizable under Rule 60(b)(1). *See Sec. Mut. Cas. Co. v. Century Cas. Co.*, 621 F.2d 1062, 1067 (10th Cir. 1980). But, such claims are subject to the Rule 60 time constraints. *Id*. at 1067-68. Relief under Rule 60(b)(6) may only be granted in cases of a "manifest abuse of discretion." *Id*. at 1068.

Federal courts retain broad powers to prevent duplicative or unnecessary litigation. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**Analysis**

Petitioner's motions for relief from judgment amount to an attempt to relitigate his claims seventeen months after they were dismissed. Both of Petitioner's motions argue that the judgment should be set aside because of fraud on the court, and because Petitioner is legally innocent of witness tampering and retaliation against a witness. Petitioner's first motion also includes a section under the heading "Outrageous Government Conduct—Extortion, Fraud, Theft, Obstruction of Justice, Political Imprisonment-Utah's Criminal Enterprise Acting under Subterfuge of Law and Criminal Justice." (ECF No. 76, at 14).

Petitioner filed his motion for relief from judgment seventeen months after his case was dismissed. Petitioner's motions argue that he is entitled to relief because of fraud on the court or because this court made substantive mistakes in reaching its conclusion that Petitioner was ineligible for relief from his procedural default. To the extent that these claims are cognizable under either Rule 60(b)(1) or (3), they are subject to a one-year period of limitations. Fed. R. Civ. P. 60(c). To the extent that Petitioner asserts any claims cognizable under Rule 60(b)(6), this court finds that Petitioner unreasonably delayed filing his motion.

The Tenth Circuit ruled that Petitioner failed to comply with procedural requirements to appeal the dismissal of his claims. ECF No. 78. A Rule 60 motion should not be used to circumvent those procedural requirements. *See Servants of the Paraclete v. Does,* 204 F.3d at 1009. Further litigation would be duplicative or unnecessary. *See Slack v. McDaniel*, 529 U.S. at 478. Petitioner's motions to set aside judgment (ECF Nos. 76, 79) are denied.

**MOTION TO WAIVE COPY FEES**

Petitioner has offered no authority to support his motion to waive copy fees. ECF No. 77. The court clerk previously explained to Petitioner that his in forma pauperis filing fee waiver does not extend to copy fees. *See* ECF No. 77-1, at 3. Petitioner's motion to wave copy fees (ECF No. 77) is denied.

**MOTION TO DISQUALIFY**

Petitioner's motion to disqualify Judge Nuffer from this proceeding is both untimely and insufficient. Petitioner filed his motion six years after the case was filed and two years after it was dismissed. The Tenth Circuit has said

> [Section] 455(a) motions for recusal "must be timely filed." Although this circuit has not attempted to define the precise moment

> at which a § 455(a) motion to recuse becomes untimely, our precedent requires a party to act promptly once it knows of the facts on which it relies in its motion. A promptly filed motion conserves judicial resources and alleviates the concern that it is motivated by adverse rulings or an attempt to manipulate the judicial process.

*United States v. Pearson*, 203 F.3d 1243, 1276 (10th Cir. 2000) (citations omitted). Petitioner's motion is untimely because it was filed more than two years after Judge Nuffer dismissed Petitioner's action.

Even if the motion were not untimely, it is insufficient. A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995). The entirety of Petitioner's motion rests on his many disagreements with Judge Nuffer's legal analysis. Prior adverse rulings are insufficient to require recusal under Section 455. *Id.* Petitioner has identified no facts from which a reasonable person could have a basis for questioning Judge Nuffer's impartiality. Petitioner's motion to disqualify Judge Nuffer (ECF No. 80) is denied.

## CONCLUSION

Each of Petitioner's motions must be denied. Petitioner's motions for relief from judgment are untimely. Petitioner has offered no authority to support his motion to waive copy fees. And, Petitioner's motion to disqualify Judge Nuffer is both untimely and insufficient. Further litigation would be duplicative or unnecessary. *See Slack v. McDaniel*, 529 U.S. at 478.

## ORDER

**IT IS THUS ORDERED** as follows:

**1.** Petitioner’s motion for relief from judgment (ECF No. 76) is **DENIED**;

**2.** Petitioner's motion to waive copy fees (ECF No. 77) is **DENIED**;

**3.** Petitioner's second motion for relief from judgment (ECF No. 79) is **DENIED**.;

**4.** Petitioner's motion to disqualify Judge Nuffer (ECF No. 80) is **DENIED**.

Dated September 25, 2026.

BY THE COURT:

David Nuffer
United States District Judge